IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T.,[1] | ) |
|     Plaintiff, | ) |
| | ) No. 19 CV 1519 |
| v. | ) |
| | ) Magistrate Judge Jeffrey I. Cummings |
| ANDREW SAUL, Commissioner | ) |
| of Social Security,[2] | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant brings this action under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying his applications for disability benefits. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 5.) This Court has jurisdiction to hear this matter pursuant to 42 U.S.C. § 405(g). On April 30, 2019, the Commissioner filed a motion to dismiss (Dkt. 6.) The Court construes the Commissioner's motion to dismiss as a motion for summary judgment as required by Federal Rule of Civil Procedure 12(d) because the Commissioner has attached the declaration of Christianne Voegele (the Social Security Administration's Office of Appellate Operation's Chief of Court Case Preparation and Review Branch I) with attached exhibits (Dkt. 6-1), in support of its motion. For the reasons stated below, the Commissioner's motion is granted.

---

[1] In accordance with Internal Operating Procedure 22 - Privacy in Social Security Opinions, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Andrew Saul is now the Commissioner of Social Security and is substituted in this matter pursuant to Fed. R. Civ. P. 25(d).

1

I.      BACKGROUND

Claimant filed applications for disability insurance benefits and supplemental security income on January 30, 2015. His applications were denied initially and on reconsideration. Claimant then requested a hearing with an Administrative Law Judge ("ALJ"), which was held on October 2, 2017. On January 24, 2018, the ALJ issued a written opinion denying Claimant's applications for benefits. ("Declaration of Christianne Voegele, Chief of Court Case Preparation and Review Branch I, Office of Appellate Operations, Social Security Administration," hereinafter "Voegele Decl." (Dkt. 6-1 at Ex. 1.).) [3] Claimant filed a timely request for review with the Appeals Council.

On December 19, 2018, the Appeals Council denied Claimant's request, making the ALJ's decision the final decision of the Commissioner. (Dkt. 6-1 at 24-29.) On that same date, the Appeals Council sent the notice of its decision by mail to Claimant, with a copy to his attorney. (Dkt. 6-1 at 24-29.) The notice provides:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Dkt. 6-1 at 25.) Claimant filed his complaint for judicial review on March 1, 2019. (Dkt. 1.)

---

[3] Ms. Voegele is responsible for the processing of disability claims, "whenever a civil action has been filed in the State of Illinois." (Voegele Decl. at 3.)

The Commissioner filed his motion to dismiss with Ms. Voegele's supporting declaration on April 30, 2019, arguing that Claimant filed the complaint after the 60-day deadline expired. (Dkt. 6.) Claimant filed his response to the Commissioner's motion on June 11, 2019. (Dkt. 10.) On June 26, 2019, the Court entered a minute order informing the parties that it would construe the motion as one for summary judgment pursuant to Fed. R. Civ. P. 12(d) and provided Claimant with until July 10, 2019 to submit any evidentiary material he desired to present to oppose the Commissioner's motion. (Dkt. 12.) Claimant did not submit any evidentiary material in opposition to the Commissioner's motion and this matter is now ripe for ruling.

## II. ANALYSIS

### A. Standard

Under the Social Security Act, a party seeking judicial review of a final unfavorable decision of the Commissioner may do so in the way of "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210 ("Any civil action [for judicial review] must be instituted within 60 days after the Appeals Council's notice of denial of request for review…is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause."). The sixty-day time limit is not jurisdictional, but constitutes a period of limitations that must be strictly construed. *Pantaleo v. Sebelius*, No. 10 C 50091, 2011 WL 2292962, at *1 (N.D.Ill. June 9, 2011) (citing *Bowen v. New York City*, 476 U.S. 467, 479 (1986)). The Commissioner's regulations provide that "the date of receipt of notice of denial of request for review…shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210.

B.    **Claimant's Complaint is Untimely under the Social Security Act.**

Here, the Commissioner's "Notice of Appeals Council Action" is dated December 19, 2018. (Voegele Decl. at Ex. 2.) Under the Commissioner's regulations, Claimant is presumed to have received the notice five days later, on December 24, 2018, resulting in a February 22, 2019 filing deadline under 42 U.S.C. § 405(g). Claimant, however, filed his complaint on March 1, 2019.

The Supreme Court has held that the sixty-day statute of limitations "must be strictly construed." *Bowen*, 476 U.S. at 479. For this reason, "courts have dismissed actions filed only days after the expiration of this statute of limitations." *Bolden v. Colvin*, No. 14CV1380 BEN JMA, 2015 WL 450522, at *3 (S.D. Cal. Feb. 3, 2015); *see e.g., Grant v. Berryhill,* 695 Fed.Appx. 592, 595 (1st Cir. 2017) (affirming the dismissal of a complaint filed four days after the sixty-day period had expired); *Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167, at *2 (C.D. Cal. Feb. 12, 2014) (same); *see also*, *Walker v. Colvin*, No. 12 CV 1717, 2013 WL 2456080, at *2 (S.D. Ind. June 6, 2013) (dismissing complaint filed seven days late); *Bowlin v. Astrue,* No. 08 CV 00750, 2010 WL 5113987, at *2–3 (S.D.Ill. Dec. 9, 2010) (same). Consequently, the Commissioner asserts that the complaint must be dismissed as untimely because Claimant did not seek an extension with the Appeals Council and there are no circumstances such as equitable tolling that justify extending the period to file this action.[4]

---

[4] Equitable tolling of the sixty-day deadline is permitted if the claimant shows (1) he has diligently pursued his rights and (2) extraordinary circumstances prevented him from filing his complaint. *Carrie Ann B. v. Berryhill*, No. 18 CV 50208, 2019 WL 1756542, at *2 (N.D.Ill. Apr. 4, 2019), *report and recommendation adopted sub nom. Bell v. Berryhill*, No. 18 C 50208, 2019 WL 1759883 (N.D.Ill. Apr. 19, 2019) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling has been found appropriate "where a plaintiff receives misleading information from a Social Security office, . . ., or when a *pro se* plaintiff is unsure of the filing deadline and attempts diligently (albeit unsuccessfully) to contact a Social Security office to uncover the deadline." *Choate v. Berryhill*, No. 17 CV 742, 2018 WL 2933683, at *2 (N.D.Ind. June 12, 2018) (internal citations omitted). Claimant, who has been represented

In a curt response to the motion (with no citation to legal authority or accompanying evidence), Claimant's counsel states that "there is some discrepancy in our office's records as to when our [office] received the Appeals Council's decision." (Resp. at 1.) Claimant's counsel admits that the decision was "date-stamped on December 26, 2018, suggesting it was received by [his] office on that date." (*Id*.) Counsel does not explain how this occurred but instead asserts that his "office's internal computer system (Filevine) marked said Appeals Council decision as being received by our office on January 3, 2019." Counsel does not discuss the process by which his office's computer system enters "received" dates on documents. Nor does counsel provide an explanation for the discrepancy between the "date-stamped" date of December 26, 2018 and the "received" date of January 3, 2019. Nonetheless, in counsel's view, "the January 3, 2019 date should be considered the date our office received the Appeals Council's decision, with March 4, 2019, therefore, being the last day on which a civil action could be filed." (*Id.* at 2.)

The Court disagrees for two reasons. First, Claimant's counsel admits that his office "date stamped" December 26, 2018 on the decision. (Resp. at 1.) Claimant's counsel does not even argue - - let alone provide any evidence - - that the December 26, 2018 date stamp was erroneously placed on the decision or that the fact that his office's computer system generated a "received" date of January 3, 2019 for the decision precludes the possibility that his office actually received the decision on December 26, 2018. Nor does counsel explain how the December 26, 2018 date could have been stamped on the decision if the decision had not in fact been received by his office on that date. To the contrary, counsel concedes that the December 26, 2018 date stamp "suggest[s]" that the notice "*was* received by our office on that date." (Resp.

---

by counsel since the administrative hearing, has made no such allegations here. Nor has Claimant argued that any other extraordinary circumstances prevented him from filing his complaint in a timely fashion.

5

at 1 (emphasis added).) In view of the above, Claimant has failed to raise a genuine issue of material fact because this Court has no basis to *reasonably* infer that Claimant's counsel received the decision on January 3, 2019 - - as Claimant urges - - instead of on December 26, 2018, as his counsel's "date stamp" indicates. *See KDC Foods, Inc. v. Gray, Plant, Mooty, Mooty & Bennett, P.A.,* 763 F.3d 743, 753 (7th Cir. 2014) (courts draw only reasonable inferences, and not every conceivable inference, in favor of the party opposing summary judgment). If December 26, 2018 is treated as the receipt date for purposes of the running of the sixty-day period, the deadline for filing this action would have been February 25, 2019 at the latest[5] and Claimant's March 1, 2019 complaint would be untimely.

Second, even if it were undisputed that Claimant's attorney received notice of the decision on January 3, 2019, that fact would not preclude summary judgment because Claimant has offered no argument - - let alone any evidence - - to rebut the presumption that *he* received notice of the decision within the five-day notice period. Courts have held that claimants must rebut the presumption that both claimant *and* his/her attorney received notice of the decision within the five-day notice period. *See, e.g., Pantaleo,* 2011 WL 2292962, at *1 (dismissing claimant's complaint as untimely where claimant rebutted the presumption that his attorney received the decision within the five-day notice period but failed to "rebut the presumption that he personally received the notice on that date"); *Reed v. Barnhart,* No. CIV. 04-206-B-W, 2005 WL 757862, at *3 (D.Me. Mar. 22, 2005) (same); *Vine v. Bowen,* No. 87 C 7924, 1988 WL 35595, at *1 (N.D.Ill. Apr. 8, 1988) (dismissing complaint notwithstanding a factual dispute as to

---

[5] With a receipt date of December 26, 2018, the 60-day deadline would have run on February 24, 2019 (a Sunday) and at least one court has held that Federal Rule of Civil Procedure 6(a) would not apply in this circumstance to extend the deadline to February 25, 2019 (the following Monday). *See Pantaleo v. Sebelius,* No. 10 C 50091, 2011 WL 2292962, at *2 (N.D.Ill. June 9, 2011) (Rule 6(a) does not apply to "the five-day triggering date . . . provided by Secretary of Health and Human Services regulations).

whether claimant received notice of the decision outside of the notice period where claimant failed to rebut the presumption that her attorney received notice within the five-day period). Because claimant has not rebutted the presumption that he received outside of the five-day notice period, his complaint is untimely filed as explained above.

## III. CONCLUSION

In his reply brief, the Commissioner states that he is sympathetic to the fact that the statute of limitations bars Claimant's case. The Court shares this sympathy. However, for the reasons stated above, this Court is compelled to grant the Commissioner's motion for summary judgment. This case is dismissed. It is so hereby ordered.

ENTERED:

**Jeffrey I. Cummings**
**United States Magistrate Judge**

**Dated: July 23, 2019**